IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ISRAEL GUTIERREZ, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:05-CV-883-D |
| ) | [WO] |
| ) | |
| JUDGE BRIGHT, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Israel Gutierrez ["Gutierrez"], a county inmate, challenges the constitutionality of actions undertaken with respect to criminal charges pending against him before the state courts of Montgomery County, Alabama. Gutierrez seeks a lower bond amount and a speedy trial. *See Plaintiff's Complaint* at 5.

Upon review of the complaint, the court concludes that this case should be dismissed prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

**I. DISCUSSION**

The plaintiff is confined in the Montgomery County Detention Facility on a charge of trafficking in marijuana. Judge Lynn Bright, of the Montgomery County District Court,

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

set Gutierrez's bond at $200,000. Gutierrez complains that the bond amount is excessive and is based solely on his race. He further challenges the validity of the criminal charge. Specifically, Gutierrez argues that there is no evidence linking him to the marijuana made the basis of the trafficking charge.

*A.     The Bond*

Gutierrez seeks declaratory and injunctive relief regarding the amount of the bond. However, this court lacks jurisdiction to render a judgment in an action filed pursuant to 42 U.S.C. § 1983 because federal district courts "do not have jurisdiction . . . over challenges to state court decisions, in particular cases arising out of judicial proceedings, even if those challenges allege that the state court's action was unconstitutional." *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 486 (1983); *Datz v. Kilgore*, 51 F.3d 252 (11th Cir. 1995); *Berman v. Florida Board of Bar Examiners*, 794 F.2d 1529 (11th Cir. 1986).

Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court. *Datz*, 51 F.3d at 254 (finding that a § 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

For those reasons, dismissal of the plaintiff's claims for declaratory and injunctive relief arising from actions of the District Court of Montgomery County in setting his bond is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii). *See Clark v. State of Georgia Pardons*

2

*and Paroles Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).

### B. The Pending Criminal Charge

Gutierrez complains that the evidence is insufficient to support the trafficking charge pending against him in the state court, and in support thereof, he asserts that he "never saw any marijuana, never smelled any marijuana, never had any marijuana in [his] possession." *Plaintiff's Complaint* at 2-3. He also appears to assert a violation of his right to an attorney in violation of *Miranda*.[2]

Pursuant to *Younger v. Harris*, 401 U.S. 37, 43-44 (1971), a federal court must refrain from interfering with pending state criminal proceedings "when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." The *Younger* abstention doctrine is premised upon a fundamental "public policy against federal interference with state criminal prosecutions." *Id*. at 43.

Gutierrez has an adequate remedy at law because he may pursue any of his federal constitutional issues through the state court system. *See generally Doby v. Strength*, 758 F.2d 1405 (11th Cir. 1985). Specifically, he can request a speedy trial, challenge the sufficiency of the evidence and assert a violation of his *Miranda* rights in the on-going state criminal proceedings.

---

[2]*Miranda v. Arizona*, 384 U.S. 436 (1966).

3

Moreover, Gutierrez has not alleged the existence of any special circumstances which create a threat of irreparable harm. The mere fact that Gutierrez must endure state criminal proceedings fails to demonstrate irreparable harm. *Younger*, 401 U.S. at 45. This court must therefore abstain from considering the merits of Gutierrez's claims which challenge the constitutionality of the trafficking charge pending against him as such claims are not cognizable in a 42 U.S.C. § 1983 action at this time. *Id*. at 43-44. Consequently, summary dismissal of these claims is appropriate under 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The claim challenging the constitutionality of the bond amount set by the District Court of Montgomery County, Alabama be dismissed with prejudice pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

2. The challenges to the criminal charge pending against Gutierrez before the state courts of Montgomery County, Alabama be dismissed without prejudice in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(ii).

3. This case be dismissed prior to service of process pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii).

It is further

ORDERED that on or before 19 October 2005 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the

Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 5th day of October, 2005.

/s/ Vanzetta Penn McPherson
UNITED STATES MAGISTRATE JUDGE